Riggs *v.* The State.

## MACK RIGGS *v.* THE STATE.

CRIMINAL LAW. *Disturbing public worship.* An indictment under the Code, sec. 4854, is good which charges the defendant, in the words of the statute, with exposing to sale, and selling " provisions and other articles of traffic," without either specifying the articles, or charging that the act was done in such manner as to disturb the worshipping assembly.

### FROM LOUDON.

Appeal in error from the Circuit Court of Loudon county. S. A. ROGERS, J.

GEORGE BROWN for Riggs.

ATTORNEY-GENERAL LEA for the State

COOPER, J., delivered the opinion of the court.

The plaintiff in error was indicted, and convicted, for that he did, within one mile of Union Camp

Ground, there being then and there at said Union Camp Ground an assemblage of persons met for religious worship, publicly expose for sale, and sell provisions and other articles of traffic, it not being at his usual place of business. It is assigned as error for reversal of the judgment of conviction, that the indictment is fatally defective in not averring that the sale was made in such manner as to disturb the worshipping assembly. But the indictment is under the Code, sec. 4854, which makes it a misdemeanor to "expose to sale or gift any spirituous or other liquors, or any provisions or other articles of traffic," within one mile of the place of a worshipping assembly, and not at the person's usual place of business. It is the next section which forbids the selling or offering to sell, within one mile of a worshipping assembly, any article of traffic whatsoever, in such manner as to disturb such assembly. The first of these sections provides for the case where the forbidden act is done by the party not at his usual place of business. The second forbids the sale, or offer to sell, even at the party's usual place of business, in such manner as to disturb the assembly. The two offenses are distinct, and an indictment under the first section will be good without the averment made essential to an indictment under the other section.

It is next insisted that the indictment should have specified the article sold, because the general words "other articles of traffic" should be restricted to articles of like nature to those enumerated before, and ought therefore to be named, so that the court can

see that they fall within the prohibited class.    But the prohibition is against exposing to sale or gift any article of traffic, the enumeration being merely of such articles as would be most likely to be exposed, and most obnoxious to the prohibition.    A sale by a traveling peddler would be within the mischief of the statute even more than the sale of a huckster of meat and drink.    An indictment in the words of the act is, therefore, good.

Affirm the judgment.